# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ROMERO, | CV F   04 6403 AWI LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 1.) |
| D.A. YBARRA, et. al., | |
| Defendants. | |

  Manuel Romero ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on October 14, 2004, naming D.A. Ybarra, S. Aguilera-Marrero, and Tony Loftin as Defendants.

**A. SCREENING REQUIREMENT**

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

The Complaint alleges that on December 15, 2002, Plaintiff and another inmate engaged in a heated argument and began to physically fight. Plaintiff was placed in administrative segregation and a Rules Violation Report was issued. A disciplinary hearing was held on December 30, 2002, and Plaintiff alleges that despite the employee witnesses statements that there the fight did not involve a weapon, Plaintiff was found guilty of battery with a deadly weapon. Plaintiff was also assessed a forfeiture of credit of 360 days and a Security Housing Unit ("SHU") term of 24 months. Plaintiff alleges that Defendant Ybarra violated his right to due process because he was biased. Plaintiff also asserts that Defendant Aguilera-Marrero and Loftin are also liable because they were aware of the violations and failed to remedy them. Plaintiff is seeking nominal damages and dismissal of disciplinary finding or a new disciplinary proceeding.

**C. SECTION 1983 DUE PROCESS CLAIM**

Plaintiff's claims against Defendants stem from the issuance of the Rules Violation Report and the subsequent finding of guilt. As punishment, Plaintiff was assessed, in part, a three-hundred sixty day credit loss, which affects the length of Plaintiff's sentence. Where, as

here, "success in a . . . [Section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (*citing* Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's sentence, Plaintiff's due process claim is barred until such time as Plaintiff invalidates the result of the disciplinary hearing. Id. Accordingly, Plaintiff's allegations fail to state a cognizable claim under § 1983 and must be DISMISSED without prejudice.[1] See Edwards v. Balisok, 520 U.S. 641, 649, 117 S.Ct. 1584 (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995).

**D. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983 and are not capable of being cured by amendment. Thus, leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.

---

[1] Where Plaintiff seeks to challenge either the fact or duration of his confinement, his sole remedy is to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 after exhausting state judicial remedies. See Calderon v. Ashmus, 523 U.S. 740, 747, 118 S.Ct. 1694 (1998).

1  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

2        The parties are advised that failure to file objections within the specified time may waive
3  the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
4  1991).

5  IT IS SO ORDERED.

6  **Dated:   April 10, 2006**            **/s/ Lawrence J. O'Neill**
   b9ed48            UNITED STATES MAGISTRATE JUDGE