# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ROMERO,<br><br>        Plaintiff,<br><br>    v.<br><br>D.A. YBARRA, et. al.,<br><br>        Defendants. | CV F   04 6403 AWI LJO P<br><br>ORDER DENYING MOTION FOR<br>RECONSIDERATION (Doc. 14.) |

     Manuel Romero ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on October 14, 2004, naming D.A. Ybarra, S. Aguilera-Marrero, and Tony Loftin as Defendants. On April 11, 2006, the Court issued Findings and Recommendations to dismiss the action because it was barred by Heck v. Humphrey, 512 U.S. 477 (1994)) and Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). The Findings and Recommendations served on Plaintiff were returned to Plaintiff marked "undeliverable (NOT AT THIS ADDRESS)." On June 27, 2006, this Court adopted the Findings and Recommendations and judgment was entered.

     On July 11, 2006, Plaintiff filed a Motion for Reconsideration of the Order dismissing the case. Plaintiff explains that while his case was pending, he was en route from Corcoran State Prison to Pelican Bay and was temporarily held at Tehachapi. Plaintiff states that his time at Tehachapi was supposed to be limited to two days by turned out to be several months. Plaintiff states he is finally at Pelican Bay State Prison and wishes to proceed with his case.

1   Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
2   district court.  The Rule permits a district court to relieve a party from a final order or judgment
3   on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an
4   adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."
5   Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in
6   any event "not more than one year after the judgment, order, or proceeding was entered or taken."
7   Id.

8   In this case, Plaintiff's justification for reconsideration is insufficient to meet the
9   requirements of Rule 60(b).  Contrary to Plaintiff's assertion, his case was not dismissed for his
10  failure to keep the Court apprised of his address, it was dismissed because it was barred by
11  current case law from federal review.  As stated in the Findings and Recommendations, Plaintiff
12  may not pursue a civil rights action where "success in a . . . [Section] 1983 damages action would
13  implicitly question the validity of conviction or duration of sentence .... the litigant must first
14  achieve favorable termination of his available state, or federal habeas, opportunities to challenge
15  the underlying conviction or sentence."  Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct.
16  1303, 1304 (2004) (*citing* Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520
17  U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits
18  were affected).  Because the punishment imposed at the disciplinary hearing affects the duration
19  of Plaintiff's sentence, Plaintiff's claim is barred from federal review until such time as he
20  invalidates the result of the disciplinary hearing. Id.

21  Accordingly, the Court HEREBY ORDERS:
22  1.   The Motion for Reconsideration is DENIED.

24  IT IS SO ORDERED.
25  **Dated:   March 13, 2007**                              /s/ Anthony W. Ishii
    0m8i78                                      UNITED STATES DISTRICT JUDGE

2